# U.S.D.C

## District of Connecticut

Nolan Evans
(Plaintiff)

SCANNED at mwci
and Emailed
1/14/22 by N. 5 pages

v.                                3:22 cv 74 (SALM)

Dapartment of Corrections

Case Name: _____

Case Number: _____

Court: _____

Nolan Evans   1/10/22
(Pro se)

# U.S.D.C
## District of Connecticut

Nolan Evans
(Plaintiff)

v.

Department of Corrections;
Kristine Barone
Deputy Warden Maldonado
Lieutenant Harmon
Officer Tyillian
Officer Gifford
Officer Putnam
Officer Griffin
Officer Dipini
Captain Anaelakopoulos
Officer Chelsea Mills
Captain Wilmer Roy
LPN Mogor
LPN Chovinard
Nurse Diane Campbell-Hooks
Lieutenant Christian Bosque

Case Number: **3:22 cv 74 (SALM)**

Verified Action for Injunctive, Declatory, Compensatory and Punitive Monetary Damages

(Jury Trial Demanded)

## Introduction

This is a Civil Rights Action filed by <u>Nolan Evans</u> under 42 U.S.C § 1983 seeking Injunctive, Declatory and Monetary relief alleging Excessive Force, Assault and Battery, as well as Deliberate Indifference to his serious medical needs. In violation of the 8th Amendment to the United States Constitution, as well as <u>42 U.S.C § 12101</u> and <u>28 C.F.R § 35.152</u> the Plaintiff also alleges the tort of Negligence and Intentional Infliction of emotional distress.

## Jurisdiction

The court has Jurisdiction over the Plaintiff's claims under <u>42 U.S.C §§ 1331(1), 1343</u> and supplemental Jurisdiction over the Plaintiff's state tort claims Pursuant <u>28 U.S.C § 1367</u>

## Parties

Plaintiff <u>Nolan Evans</u> located at Walker Correctional Institution and is at all times Relevant to this Action. The Plaintiff has a diagnosed Seizure Disorder and is a Qualified individual under the Americans with Disabilities Act.

## Exaustion of Administrative Remedies

The Plaintiff has **exhausted** all Available Administrative Remedies and moves this court for remedy due to the inability of the facility to remedy the Plaintiff's constitutional violations as it lacks Jurisdiction and capability.

## Factual Statement

On June 3rd, 2021 while in route back to his housing unit after being denied his medications (Dilantin), that absent the provision there of, will neurologically effect thought, behavior and can also cause the Plaintiff to undergo withdrawal seizures. The Plaintiff was confronted by Defendant Tyillian in an aggresive manner.

## Count One: Excessive Force\ Assault and Battery

Shortly there after Defendant Harmon approaches the Plaintiff aggressively while he is interacting with Defendant Tyillian and a brief struggle is alleged to have ensued.

After this alleged brief struggle the Plaintiff is swiftly there after secured in Hand and Leg Restraints, where he is entirely subdued and there is no resistance or ongoing struggle.

At this point Defendants Tyillian and Harmon began brutally striking the Plaintiff unreasonably and excessively. Defendant Tyillian begins kneeling on the Plaintiff's neck crushing his face to the floor.

Defendants Christian Bosque, Officers Gifford, Griffin, Putnam, Dipini, Chelsea Mills, and several others unidentified Defendants arrived and began to spray the Plaintiff excessively with Chemical Agent, strike him, Assault and Batter him while he lay cuffed, restrained and losing consciousness rapidly.

The Plaintiff (who still had the Defendant's knee on his neck) began to inform the Defendants he could not breath, however they continued to beat him.

The Plaintiff lost Conscious and awoke in an outside Hospital with face, neck, back, shoulder and eye injuries all of which were covered in the Plaintiff's Blood.

## Count Two: Deliberate Indifference to Serious Medical Needs/Negligence

Rather than being provided Magnetic Resonance Imaging to identify and treat the ligament, muscle, and tendon damage in the Plaintiff, Unidentified Hospital Defendants refused this care to the Plaintiff even though he not only had visible and still bleeding damage, but also the Plaintiff reported he felt muscle, ligament, nerve and tendon pain to which knowing of, Defendants still refused care to the Plaintiff. Defendants, knowing the Plaintiff is an A.D.A Qualified citizen with a seizure Disorder who recently lost conscious also refused all requested Electroencephalography to the Plaintiff.

Once back at the Facility Defendants Mayor, Diane Campbell-Hooks and Chovinard falsly documented the Plaintiff had "No Injuries" even though he literally just returned from being hospitalized as a direct and proximate result of still bleeding and visible injuries the Plaintiff requested care for but was ignored.

### Count Three: Atypical and Significant Hardship\Intentional Infliction of Emotional Distress

The Plaintiff was then sent to Administrative Segregation with these still painfully untreated serious medical issues even though not **only** do prison directives prohibit such conduct but also recently enacted Legislation set forth by Governor Ned Lamont forbiding Prisoners such as the Plaintiff from being in isolated confinement with still untreated

serious medical needs, see <u>Executive Order 21-1</u>. The Plaintiff's physical, mental and emotional condition continues to rapidly deteriorate. He also remaines in isolated confinement and moves this court to issue an injunction removing him from such Cruel and Unusual Punishment where he suffers Atypical and Significant Hardships.

## Claims For Relief

The Plaintiff hereby incorporates **all** allegations set forth in paragraphs 1 through here in and alleges Excessive Force, Deliberate Indifference, and Atypical and Significant Hardship as well as A.D.A Violations in addition to Assault and Battery as well as Negligence.

The actions of all Defendants in this action in utilizing Excessive Force, Deliberate Indifference, subjecting the Plaintiff to Atypical and Significant Hardships in violation of the 8th Amendment to the United States Constitution in addition to Supervising Defendants Barone, Maldonado and Roy as well Angelokopoulos and Bosque for being made aware of the Unconstitutional Acts after the Plaintiff wrote to them for assistance and was ignored.

## Prayer For Relief

Wherefore, Plaintiff request the court to grant the following relief;

A) Issue a Declatory Judgement stating that;

The **Excessive Force**, **Deliberate Indifference**, **Atypical** and Significant Hardship, **Negligence**, and **Assault** and Battery the Defendants utilized on the Plaintiff, violated the Plaintiff's right to the U.S. Constitution.

B) Issue an **Injunction** mandating the Defendants to instantly remove him from Administrative Segregation and provide him medical treatment.

C) Award **Compensatory** Damages in the amount of $750,000 jointly against all Defendants.

D) Award **Punitive** Damages in the amount of $1,200,000 jointly against all Defendants.

E) Grant all other relief as the court sees fit to grant.

## Certification

It is hereby certified that a copy of all the forgoing has been sent to the United States District Court, District of Connecticut this 14 day of January 2022

Signed: Nolan Eames
(Pro Se)