UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------X
                             :
NOLAN EVANS                  :    Civil No. 3:22CV00074(SALM)
                             :
v.                           :
                             :
KRISTINE BARONE, et al.      :    February 10, 2022
                             :
-----------------------------X
```

<u>INITIAL REVIEW ORDER</u>

Self-represented plaintiff Nolan Evans ("Evans" or

"plaintiff"), a sentenced inmate at MacDougall-Walker

Correctional Institution ("Walker"),[1] brings this action relating

to events occurring during his incarceration in the custody of

the Connecticut Department of Correction ("DOC"). Plaintiff

proceeds <u>in forma pauperis</u>. <u>See</u> Doc. #9.

The Complaint is brief, and provides minimal detail. The

---

[1] The Court may take judicial notice of matters of public record.
<u>See</u>, <u>e.g.</u>, <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir.
2006); <u>United States v. Rivera</u>, 466 F. Supp. 3d 310, 313 (D.
Conn. 2020) (taking judicial notice of BOP inmate location
information); <u>Ligon v. Doherty</u>, 208 F. Supp. 2d 384, 386
(E.D.N.Y. 2002) (taking judicial notice of state prison website
inmate location information). The Court takes judicial notice of
the Connecticut DOC website, which reflects that Evans was
sentenced on April 4, 2017, to a term of imprisonment that has
not expired, and that he is held at Walker. <u>See</u>
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=3
74642 (last visited Feb. 8, 2022).

caption lists 15 defendants: Kristine Barone, Deputy Warden
Maldonado, Lieutenant Harmon, Officer Tyillian, Officer Gifford,
Officer Putnam, Officer Griffin, Officer Dipini, Captain
Anaelakopolous, Officer Chelsea Mills, Captain Wilmer Roy, LPN
Mogor, LPN Chovinard, Nurse Diane Campbell-Hooks, and Lieutenant
Christian Bosque.[2] See Doc. #1 at 2. Plaintiff brings claims
pursuant to 42 U.S.C. §1983 for "excessive force, assault and
battery, as well as deliberate indifference to his serious
medical needs." Id. at 3. He also brings state law claims for
"the tort[s] of negligence and intentional infliction of
emotional distress." Id. Plaintiff asserts, without factual
support, that he "has exhausted all available administrative
remedies[.]" Id. at 4.

Count One is headed: "Excessive Force/Assault and
Battery[.]" Id. Count Two is headed: "Deliberate Indifference to
Serious Medical Needs/Negligence[.]" Id. at 5. Count Three is

---

[2] Plaintiff has listed "Department of Corrections:" followed by
the names of the 15 individual defendants in the caption of his
complaint. Doc. #1 at 2. He does not refer to DOC at any other
point throughout his Complaint, and the structure of the caption
indicates that plaintiff was identifying the individual
defendants as associated with the DOC, rather than attempting to
name DOC as a defendant. Accordingly, the Court does not
construe the Complaint as bringing any claims against DOC. The
Clerk of Court is directed to terminate defendant Department of
Corrections.

headed: "Atypical and Significant Hardship/Intentional Infliction of Emotional Distress[.]" Id. at 6.

Plaintiff seeks declaratory, injunctive, and monetary relief. See id. at 8. Plaintiff does not indicate whether he brings his claims against defendants in their individual or official capacities. Because plaintiff seeks both injunctive and monetary relief, the Court construes the Complaint as bringing claims for injunctive relief against all defendants in their official capacities, and claims for monetary relief against all defendants in their individual capacities.

I.  **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The commands of §1915A "apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee." Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)

(per curiam). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II.   <u>DISCUSSION</u>

### A.   <u>Count One</u>

#### 1.   <u>Excessive Force</u>

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976).

> To state an Eighth Amendment claim, a prisoner must allege two elements, one subjective and one objective. First, the prisoner must allege that the defendant acted with a subjectively sufficiently culpable state of mind. Second, he must allege that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions. Analysis of the objective prong is context specific, and depends upon the claim at issue[.]

<u>Crawford v. Cuomo</u>, 796 F.3d 252, 256 (2d Cir. 2015) (citations and quotation marks omitted).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992) (quotation marks and citation omitted). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." <u>Id.</u> at 9 (citation omitted); <u>see also</u> <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010).

When an inmate alleges use of excessive force by a

correctional officer, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citation and quotation marks omitted).

Evans alleges that defendants Tyillian and Harmon struck him and that Tyillian kneeled on his neck, "crushing his face to the floor." Doc. #1 at 5. He alleges that Bosque, Gifford, Griffin, Putnam, Dipini, Mills, "and several others unidentified" sprayed him "excessively with chemical agent," struck him, and assaulted him, while he was already cuffed and restrained. Id. These allegations amount to claims that the listed defendants used force beyond that necessary to maintain or restore discipline, that was instead intended to cause him harm, in violation of the Eighth Amendment. These allegations are sufficient, for purposes of this initial review, to permit the claims to proceed to service against defendants Tyillian, Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills. The

claims cannot go forward against any unnamed defendants.
Accordingly, the Eighth Amendment claims for use of excessive
force will proceed against the defendants listed above, in their
individual capacities, for damages.

>      2.   State Law Assault and Battery Claim

"To establish a claim for assault and battery, plaintiff
must prove that defendants applied force or violence to [him]
and that the application of force or violence was unlawful."
Williams v. Lopes, 64 F. Supp. 2d 37, 47 (D. Conn. 1999). At
this stage, the allegations of the Complaint are sufficient to
permit this claim to proceed against defendants Tyillian,
Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills, in
their individual capacities, for damages.

>   **B.   Count Two**

>      1.   Deliberate Indifference to Serious Medical Needs

The United States Supreme Court has held that

> deliberate indifference to serious medical needs of
> prisoners constitutes the unnecessary and wanton
> infliction of pain proscribed by the Eighth Amendment.
> This is true whether the indifference is manifested by
> prison doctors in their response to the prisoner's needs
> or by prison guards in intentionally denying or delaying
> access to medical care or intentionally interfering with
> the treatment once prescribed. Regardless of how
> evidenced, deliberate indifference to a prisoner's
> serious illness or injury states a cause of action under
> §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (citations, quotation

marks, and footnotes omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations and quotation marks omitted).

> A deliberate indifference claim has two elements. The first, which is objective, requires the inmate to show that he was actually deprived of adequate medical care by an official's failure to take reasonable measures in response to a sufficiently serious medical condition. The second element, which is subjective, requires the inmate to demonstrate that the official acted with a culpable state of mind of subjective recklessness, such that the official knew of and consciously disregarded an excessive risk to inmate health or safety. Mere allegations of negligent malpractice do not state a claim of deliberate indifference.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations and quotation marks omitted). In sum, an inmate bringing a deliberate indifference claim must show an objectively serious deprivation of medical care, and a "sufficiently culpable state of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (citation and quotation marks omitted).

Under the objective prong, the inmate's medical need or condition must be "a serious one." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). "A condition of urgency, one that may produce death, degeneration, or extreme pain must exist." Nails v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009) (citation

and quotation marks omitted). The Second Circuit has identified
a number of factors relevant to the question of seriousness,
including "whether a reasonable doctor or patient would find it
important and worthy of comment, whether the condition
significantly affects an individual's daily activities, and
whether it causes chronic and substantial pain." Young v.
Choinski, 15 F. Supp. 3d 172, 182 (D. Conn. 2014) (citations and
quotation marks omitted). A court may also consider whether the
denial of medical care results in further injury or significant
pain. See id.

Under the subjective prong, a defendant "must have been
actually aware of a substantial risk that the inmate would
suffer serious harm as a result of his or her actions or
inactions." Nails, 596 F. Supp. 2d at 480. "Mere negligence will
not support a section 1983 claim; the Eighth Amendment is not a
vehicle for bringing medical malpractice claims, nor a
substitute for state tort law. Thus, not every lapse in prison
medical care will rise to the level of a constitutional
violation; rather, the conduct complained of must shock the
conscience or constitute a barbarous act." Pimentel v. Deboo,
411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and
quotation marks omitted).

Plaintiff makes two claims in this Count. First, he

contends that he was not evaluated by way of an MRI:
"Unidentified hospital defendants refused this care to the
plaintiff even though he not only had visible and still bleeding
damage, but also the plaintiff reported he felt muscle,
ligament, nerve and tendon pain[.]" Doc. #1 at 6. This claim
represents a mere disagreement with treatment decisions, and is
insufficient to rise to the level of a constitutional violation.
"A claim based on an inmate's disagreement with the defendant's
medical judgment as to the proper course of treatment cannot
support a constitutional claim for deliberate indifference. And
it is generally understood that the ultimate decision of whether
or not to administer a treatment or medication is a medical
judgment that, without more, does not amount to deliberate
indifference." Laurent v. Edwin, 528 F. Supp. 3d 69, 87
(E.D.N.Y. 2021) (citations and quotation marks omitted).
Furthermore, the "unidentified hospital defendants" are not
named as defendants, and plaintiff does not allege that they are
state actors, so as to be liable under §1983.

Plaintiff's second claim in this Count is that defendants
Mogor, Campbell-Hooks, and Chovinard "falsely document the
plaintiff had 'no injuries' event though he literally just
returned from being hospitalized[.]" Doc. #1 at 6 (sic). This
allegation does not state a claim for deliberate indifference to

serious medical needs; plaintiff makes no allegations as to how this alleged false document caused him to be deprived of care for a serious medical need. To the contrary, as plaintiff alleges, he had just returned from being treated at the hospital.

Accordingly, Count Two fails to state a claim under either theory advanced by plaintiff for deliberate indifference to a serious medical need in violation of the Eighth Amendment. The Count Two Eighth Amendment claim is therefore **DISMISSED, without prejudice.**

2.   Negligence

"[S]tate employees may not be held personally liable for their negligent actions performed within the scope of their employment." Miller v. Egan, 828 A.2d 549, 561 (Conn. 2003). All named defendants are (apparently) employees of DOC, and thus state employees. As such, they may not be sued in negligence. See Conn. Gen. Stat. §4-165(a). Accordingly, any claims for negligence against these defendants are **DISMISSED, with prejudice.**

C.   **Count Three**

The header of Count Three suggests that plaintiff is bringing two separate claims: (1) "Atypical and Significant Hardship[]" and (2) "Intentional Infliction of Emotional

Distress[.]" Doc. #1 at 6. No defendants are named in this
Count. The Count reads, in its entirety:

> The Plaintiff was then sent to Administrative
> Segregation with these still painfully untreated serious
> medical issues even though not only do prison directives
> prohibit such conduct but also recently enacted
> Legislation set forth by Governor Ned Lamont forbiding
> prisoners such as the plaintiff from being in isolated
> confinement with still untreated serious medical needs.
> See Executive Order 21-1. The Plaintiff's physical,
> mental and emotional condition continues to rapidly
> deteriorate. He also remains in isolated confinement
> and moves this court to issue an injunction removing him
> from such Cruel and Unusual Punishment where he suffers
> Atypical and Significant Hardships.

Doc. #1 at 6-7 (sic).

As an initial matter, the Court takes judicial notice of
Executive Order 21-1. See generally Conn. Exec. Order No. 21-1
(2021).[3] The Court has reviewed the Executive Order, and finds no
indication that it creates a private right of action.
Accordingly, Executive Order 21-1 provides no basis for this
Count.

The phrase "atypical and significant hardship" ordinarily
arises in connection with a procedural due process claim: "[A]
prisoner's restricted confinement within a prison does not give
rise to a liberty interest, warranting procedural due process

───────────────

[3] Available at https://portal.ct.gov/-/media/Office-of-the-
Governor/Executive-Orders/Lamont-Executive-Orders/Executive-
Order-No-21-1.pdf

protection, unless the conditions and duration of the prisoner's
confinement 'impose[] atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life.'"
Sealey v. Giltner, 197 F.3d 578, 583 (2d Cir. 1999) (quoting
Sandin v. Conner, 515 U.S. 472, 484 (1995)). However, plaintiff
has not made any allegations about the process he did or did not
receive regarding this placement. Furthermore, the language of
this Count suggests he may be attempting to assert a conditions
of confinement claim, rather than a due process claim.

Although plaintiff states that he remains in confinement,
he does not allege the total period of continuous confinement to
which he has been subjected. See, e.g., Fludd v. Fischer, 568 F.
App'x 70, 72 (2d Cir. 2014). Nor does he allege the nature of
the "isolated confinement" imposed, that is, whether it is truly
"solitary confinement" such that he is prohibited from any
contact with other inmates, or some other form of segregated
housing. Plaintiff does not describe his "untreated serious
medical needs." Doc. #1 at 6-7. Finally, plaintiff names no
defendants in this Count, and makes no allegations as to who was
personally involved in any claimed constitutional violation.

Likewise, as to the claim of intentional infliction of
emotional distress, plaintiff does not allege the necessary
elements of such a claim. Indeed, he fails, as noted, to

identify any defendant who engaged in the conduct constituting this tort.

No defendant is identified in this Count, and, even reading the Complaint generously, the Court is unable to ascertain which, if any, of the named defendants might be the target of these allegations. Furthermore, plaintiff has not adequately alleged his claims in this Count, and no defendant could be expected to respond to this Count as currently framed. Accordingly, Count Three is **DISMISSED, without prejudice.**

### D.  Injunctive Relief

Plaintiff asks the Court to "[i]ssue an Injunction mandating the Defendants to instantly remove him from Administrative Segregation and provide him medical treatment." Doc. #1 at 8. The Court has concluded that the only claim that may go forward, in the Complaint as currently written, is Count One, which asserts that certain defendants used unlawful force against plaintiff. That claim, even if plaintiff prevailed on it, would not support the issuance of the injunction requested. The claims in Count One arise out of a specific incident, in the past. "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011). The Complaint does not suggest

any likelihood of future harm related to the claims in Count
One, the only Count that has been permitted to proceed as
currently written. Accordingly, any claims against defendants in
their official capacities for injunctive relief are **DISMISSED,
without prejudice.**

### E. **Personal Involvement**

Plaintiff appears to assert claims based on supervisory
liability against defendants Barone, Maldonado, Roy,
Anaelakopolous, and Bosque. Plaintiff asserts, in passing in the
Claims for Relief section, "Supervising Defendants Barone,
Maldonado and Roy as well as Anaelakopolous and Bosque for being
made aware of the Unconstitutional Acts after the Plaintiff
wrote to them for assistance and was ignored." Doc. #1 at 7.
However, plaintiff does not mention these defendants, with the
exception of defendant Bosque, in the substance of his
complaint.

To the extent plaintiff sues defendants Barone, Maldonado,
and Roy under §1983 in their individual capacities, he has
failed to allege their personal involvement. When bringing a
claim pursuant to §1983, "a plaintiff must plead and prove 'that
each Government-official defendant, through the official's own
individual actions, has violated the Constitution.'" Tangreti v.
Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556

U.S. at 676). An alleged constitutional "violation must be established against the supervisory official directly[]" and cannot be based on supervisory liability. Id. In other words, a supervisory official is not personally involved in the violation of a plaintiff's constitutional rights simply "by reason of [the official's] supervision of others who committed the violation." Id. at 619.

Plaintiff has not alleged that Barone, Maldonado, or Roy had any personal involvement in the events underlying his claims. Accordingly, any claims against defendants Barone, Maldonado, and Roy in their individual capacities are **DISMISSED**, **without prejudice**, for failure to allege personal involvement.

To the extent plaintiff sues Anaelakopolous and Bosque for failing to respond to a letter plaintiff wrote them, he has likewise failed to allege sufficient personal involvement. "[A]s a matter of law, a defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (citation and quotation marks omitted). Plaintiff alleges only that Anaelakopolous and Bosque failed to take any action based on a letter or letters he wrote to them; he does not even allege that they received the letters. This is insufficient to

adequately allege personal involvement. Accordingly, any claims against defendants Anaelakopolous and Bosque in their individual capacities for failure to respond to plaintiff's letter(s) are **DISMISSED, without prejudice,** for failure to allege personal involvement.

### III. <u>CONCLUSION</u>

The Court finds that this case may proceed to service of process on the **Count One** claims for Excessive Force in Violation of the Eighth Amendment, and state law Assault and Battery, against defendants **Tyillian, Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills,** in their individual capacities, for damages.

The **Count Two** claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment is **DISMISSED, without prejudice.** The Count Two claim for negligence is **DISMISSED, with prejudice.**

**Count Three**, in its entirety, is **DISMISSED, without prejudice.**

Any claims against defendants in their official capacities for injunctive relief are **DISMISSED, without prejudice.**

Any claims against defendants Barone, Maldonado, and Roy based on supervisory liability in their individual capacities are **DISMISSED, without prejudice.**

Any claims against defendants Anaelakopolous and Bosque in their individual capacities for failure to respond to plaintiff's letter(s) are **DISMISSED, without prejudice.**

**Plaintiff may respond to this Order in one of two ways:**

**OPTION 1:** Plaintiff may proceed **immediately** to service on defendants **Tyillian, Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills,** in their individual capacities, for damages, on the claims in Count One. If plaintiff selects this option, he shall file a Notice on the docket on or before **March 7, 2022,** informing the Court that he elects to proceed with service as to the sole remaining claim. The Court will then immediately begin the effort to serve process on these defendants in their individual capacities.

**Or, in the alternative:**

**OPTION 2:** Plaintiff may file an Amended Complaint, correcting the deficiencies identified in this Order. Plaintiff is advised that any Amended Complaint will completely replace the prior complaint in the actions. No portion of the original Complaint (Doc. #1) will be incorporated into the Amended Complaint by reference, or considered by the Court. Plaintiff must identify all defendants against whom he asserts his claims in the **caption** of the Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in

~ 18 ~

his or her official or individual capacity or both. He must also specifically describe the factual allegations against any defendant in the body of the Amended Complaint. The Amended Complaint may not assert any claim that has already been dismissed **with prejudice.**

Any such Amended Complaint must be filed by **March 7, 2022.** Plaintiff is cautioned that any Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The original Complaint will not be served on any defendant and will have no effect if an Amended Complaint is filed.**

If an Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. If the Amended Complaint asserts claims that the Court has already explained are not cognizable, such claims will be summarily dismissed. The Court may not grant further leave to amend if the Amended Complaint fails to state a cognizable claim.

**The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

A detailed case management and scheduling order will be entered after counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12**. Defendants are encouraged to carefully evaluate the claims that have been permitted to proceed to service, and respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so ordered, this 10th day of February, 2022, at New

Haven, Connecticut.

```
         /s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```