UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------X
                            :
NOLAN EVANS                 :    Civil No. 3:22CV00074(SALM)
                            :
v.                          :
                            :
KRISTINE BARONE, et al.     :    April 26, 2022
                            :
----------------------------X
```

## INITIAL REVIEW ORDER -- AMENDED COMPLAINT

Self-represented plaintiff Nolan Evans ("Evans" or "plaintiff"), a sentenced inmate at MacDougall-Walker Correctional Institution ("Walker"),[1] brings this action relating to events occurring during his incarceration in the custody of the Connecticut Department of Correction ("DOC"). Plaintiff proceeds in forma pauperis. See Doc. #9.

On February 10, 2022, the Court issued an Initial Review

_____

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Evans was sentenced on April 4, 2017, to a term of imprisonment that has not expired, and that he is held at Walker. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=374642 (last visited Apr. 26, 2022).

Order of the original Complaint, permitting only plaintiff's "claims for Excessive Force in Violation of the Eighth Amendment, and state law Assault and Battery," to proceed "against defendants Tyillian, Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills, in their individual capacities, for damages." Doc. #10 at 17 (emphasis removed). The Court gave plaintiff two options: (1) to proceed to service on those claims, or (2) to "file an Amended Complaint, correcting the deficiencies identified in" the Initial Review Order. Id. at 18. On March 7, 2022, plaintiff filed a motion to amend the Complaint, see Doc. #11, attaching a proposed Amended Complaint. See Doc. #11-1. On April 14, 2022, the Court granted plaintiff's motion to amend the Complaint, see Doc. #15, and docketed plaintiff's Amended Complaint. See Doc. #16. The Court now proceeds to review of that Amended Complaint.

I.   **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). This duty includes review of amended complaints. The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II.  DISCUSSION

The caption of the Amended Complaint lists 15 defendants: Kristine Barone, Deputy Warden Ogando, Lieutenant Harmon, Lieutenant Christian Bosque, Captain Anaelakopoulos, Captain Wilmer Roy, Officer Tyillian, Officer Gifford, Officer Dipini, Officer Chelsea Mills, Nurse Diane Campbell-Hooks, LPN Chovinard, LPN Mogor, Officer Putnam, and LPN Clement. See Doc. #16 at 1. The Amended Complaint includes three counts: (1) "Assault and Battery/Excessive Force[,]" id. at 3; (2) "Deliberate Indifference to Serious Medical Needs/Negligence[,]" id. at 6; and (3) "Failure to Supervise/Enforce Policy Train Protect[.]" Id. at 10 (sic). Plaintiff's claims relate to a June 3, 2021, incident that occurred during plaintiff's incarceration at Walker. See id. at 2-3.

### A.  Count One

#### 1.  Excessive Force

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976).

> To state an Eighth Amendment claim, a prisoner must allege two elements, one subjective and one objective. First, the prisoner must allege that the defendant acted with a subjectively sufficiently culpable state of mind. Second, he must allege that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions. Analysis of the objective

prong is context specific, and depends upon the claim at
issue[.]

Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015) (citations
and quotation marks omitted).

To meet the objective component, the inmate must allege
that the defendant's conduct was serious enough to have violated
"contemporary standards of decency." Hudson v. McMillian, 503
U.S. 1, 8 (1992) (citation and quotation marks omitted). "When
prison officials maliciously and sadistically use force to cause
harm, contemporary standards of decency always are violated."
Id. at 9; see also Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

When an inmate alleges use of excessive force by a
correctional officer, "the core judicial inquiry is ... whether
force was applied in a good-faith effort to maintain or restore
discipline, or maliciously and sadistically to cause harm."
Hudson, 503 U.S. at 7. "In determining whether the use of force
was wanton and unnecessary, it may also be proper to evaluate
the need for application of force, the relationship between that
need and the amount of force used, the threat reasonably
perceived by the responsible officials, and any efforts made to
temper the severity of a forceful response." Id. (citation and
quotation marks omitted).

Evans substantially repeats the allegations of excessive

force from his original Complaint against defendants Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, and Griffin. He alleges that, on June 3, 2021, he "was punched with a closed fist by defendant Harmon[,]" Doc. #16 at 3, and that defendants Harmon and Tyillian "further began to punch the Plaintiff repetitively." Id. at 4. He further alleges that "Defendants Gifford, Dipini, Putnam, Mills, Bosque, [and] Griffin ... proceeded to assault the Plaintiff" and "permitted defendant Harmon to utilize Chemical Agent to continue assaulting the Plaintiff." Id. As the Court observed in its Initial Review Order of plaintiff's original complaint, such allegations are sufficient, for purposes of initial review, to permit the matter to proceed.

Evans adds new allegations against Officer Makula. He alleges that even though he "told the defendants he could not breathe Defendant Officer Makula placed a bag over the Plaintiff's head, (further constricting his breathing) and documented this bag as a 'safety veil'." Id. at 5 (sic). These allegations are likewise sufficient to permit the matter to proceed against defendant Makula for purposes of initial review.

Accordingly, the Court will permit the excessive force claims against Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, Griffin, and Makula in their individual capacities, for

damages, to proceed to service.[2]

### 2.   State Law Assault and Battery Claim

Plaintiff reasserts his state law assault and battery claims against defendants Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, and Griffin, and adds a state law assault and battery claim against defendant Makula. See Doc. #16 at 3-6. "To establish a claim for assault and battery, plaintiff must prove that defendants applied force or violence to [him] and that the application of force or violence was unlawful." Williams v. Lopes, 64 F. Supp. 2d 37, 47 (D. Conn. 1999). The Court will permit this claim to proceed against defendants

---

[2] The Court notes that plaintiff did not list defendants Griffin and Makula in the caption of his Amended Complaint. Generally, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Plaintiff was also cautioned in the Initial Review Order of his original Complaint that he "must identify all defendants against whom he asserts his claims in the **caption** of the Amended Complaint[.]" Doc. #10 at 18 (emphasis in original). "Although Rule 10(a) of the Federal Rules of Civil Procedure requires that every party to an action be named in the complaint's caption, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y. 1995) (citations omitted). Because the allegations against defendant Griffin are clear from the body of plaintiff's Amended Complaint, the Court will consider defendants Griffin and Makula as named parties to this action. However, plaintiff is reminded that he must **carefully** read all Court orders and ensure his compliance with them. The Clerk of Court is directed to add Officer Griffin and Officer Makula to the docket as defendants.

Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque,
Griffin, and Makula, in their individual capacities, for
damages.

**B.** **Count Two**

    1.   Deliberate Indifference to Serious Medical Needs

The United States Supreme Court has held that

> deliberate indifference to serious medical needs of
> prisoners constitutes the unnecessary and wanton
> infliction of pain proscribed by the Eighth Amendment.
> This is true whether the indifference is manifested by
> prison doctors in their response to the prisoner's needs
> or by prison guards in intentionally denying or delaying
> access to medical care or intentionally interfering with
> the treatment once prescribed. Regardless of how
> evidenced, deliberate indifference to a prisoner's
> serious illness or injury states a cause of action under
> §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (citations, quotation
marks, and footnotes omitted). "[O]nly those deprivations
denying the minimal civilized measure of life's necessities are
sufficiently grave to form the basis of an Eighth Amendment
violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991)
(citations and quotation marks omitted).

> A deliberate indifference claim has two elements. The
> first, which is objective, requires the inmate to show
> that he was actually deprived of adequate medical care
> by an official's failure to take reasonable measures in
> response to a sufficiently serious medical condition.
> The second element, which is subjective, requires the
> inmate to demonstrate that the official acted with a
> culpable state of mind of subjective recklessness, such
> that the official knew of and consciously disregarded an

> excessive risk to inmate health or safety. Mere
> allegations of negligent malpractice do not state a
> claim of deliberate indifference.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations

and quotation marks omitted). In sum, an inmate bringing a

deliberate indifference claim must show an objectively serious

deprivation of medical care, and a "sufficiently culpable state

of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020)

(citation and quotation marks omitted).

Under the objective prong, the inmate's medical need or

condition must be "a serious one." Brock v. Wright, 315 F.3d

158, 162 (2d Cir. 2003). "A condition of urgency, one that may

produce death, degeneration, or extreme pain must exist." Nails

v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009) (citation

and quotation marks omitted). The Second Circuit has identified

a number of factors relevant to the question of seriousness,

including "whether a reasonable doctor or patient would find it

important and worthy of comment, whether the condition

significantly affects an individual's daily activities, and

whether it causes chronic and substantial pain." Young v.

Choinski, 15 F. Supp. 3d 172, 182 (D. Conn. 2014) (citations and

quotation marks omitted). A court may also consider whether the

denial of medical care results in further injury or significant

pain. See id.

Under the subjective prong, a defendant "must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails, 596 F. Supp. 2d at 480. "Mere negligence will not support a section 1983 claim; the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Thus, not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

In his Amended Complaint, Evans adds new, more detailed allegations that multiple defendants were aware of his need for immediate medical treatment, but refused to provide such treatment. Specifically, plaintiff alleges that he "requested help when he saw" "defendants Kristine Barone, Ogando, Roy, Diana Campbell-Hooks, LPN Clement, LPN Mogar and further even showed these defendants his still untreated injuries[.]" Doc. #16 at 8 (sic). "[E]ven though all defendants were on actual notice and could visibly see the plaintiff was not treated and still bleeding actively," plaintiff alleges that he "received no responses or medical care[.]" Id. Plaintiff further alleges that

these defendants "refuse[d] to provide the medical surgery needed to fix his leg," or "to have his lacerations properly stitched closed[.]" Id.

The Court will permit the claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment to proceed to service against defendants Barone, Ogando, Roy, Campbell-Hooks, Clement, and Mogar, in their individual capacities, for damages. The Court permits this claim to proceed solely on the theory that these defendants were aware of plaintiff's need for immediate treatment of bleeding and lacerations, but refused to provide it. The Court does not find that plaintiff has stated a claim for deliberate indifference as to the reference to "medical surgery" for his leg.

With respect to plaintiff's "need[] to fix his leg[,]" plaintiff asserts only that he "has now developed fatally painful blood clots[,]" Doc. #16 at 8, and "limps simply to abate the pain constantly searing through his blood clotted and swelling leg." Id. at 9. Plaintiff asserts that "the defendants physicians have prescribed the Plaintiff Tylenol that he must take every 4 hours only to still remain in pain." Id. (sic). With respect to the objective prong, plaintiff has sufficiently alleged that his medical condition is "a serious one." Brock, 315 F.3d at 162. However, plaintiff has not alleged that any of

the named defendants were "actually aware of a substantial risk
that the inmate would suffer serious harm as a result of his or
her actions or inactions[]" with respect to plaintiff's leg
condition and alleged need for surgery. Nails, 596 F. Supp. 2d
at 480. Plaintiff's allegations that defendants could see he was
"bleeding actively," Doc. #16 at 8, appear to relate exclusively
to the injuries to his face. See id. at 7 ("[A]ll defendants
visibly seen the actively bleeding and injured plaintiff (who
had significantly large lacerations all over his face[).]"
(sic)). Accordingly, plaintiff has not met the subjective
element with respect to the named defendants.

To the extent that plaintiff asserts that the Tylenol he
was provided was not sufficient treatment, this allegation, at
most, amounts to a disagreement regarding treatment decisions,
and is insufficient to rise to the level of a constitutional
violation. "A claim based on an inmate's disagreement with the
defendant's medical judgment as to the proper course of
treatment cannot support a constitutional claim for deliberate
indifference." Laurent v. Edwin, 528 F. Supp. 3d 69, 87
(E.D.N.Y. 2021) (citations and quotation marks omitted).
Additionally, even if this allegation was sufficient to state a
claim for deliberate indifference to serious medical needs,
plaintiff does not allege who treated him by providing Tylenol

but refusing other forms of treatment. Accordingly, plaintiff's allegations regarding his leg injury are not sufficient to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

      2.  <u>Negligence</u>

Plaintiff again uses the term "negligence" in Count Two. As plaintiff was advised in the Initial Review Order of his original Complaint:

> "[S]tate employees may not be held personally liable for their negligent actions performed within the scope of their employment." <u>Miller v. Egan</u>, 828 A.2d 549, 561 (Conn. 2003). All named defendants are (apparently) employees of DOC, and thus state employees. As such, they may not be sued in negligence. <u>See</u> Conn. Gen. Stat. §4-165(a).

Doc. #10 at 11. Accordingly, any claims for negligence remain **DISMISSED, with prejudice.**

    C.  **<u>Count Three</u>**

Count Three asserts claims against "Defendants Barone, Roy, Ogando, Bosque, [and] Anaelakopoulos" (the "supervisory defendants") for "Failure to Supervise/Enforce Policy Train Protect[.]" Doc. #16 at 10-11 (sic).

> The Second Circuit has established a three-prong test for determining whether an official is liable for failing to train or supervise his or her employees. The plaintiff must show that: (1) "a policymaker knows 'to a moral certainty' that her employees will confront a given situation;" (2) "the situation either presents the employee with a difficult choice of the sort that

> training or supervision will make less difficult or that
> there is a history of employees mishandling the
> situation;" and (3) "the wrong choice by [an] employee
> will frequently cause the deprivation of a citizen's
> constitutional rights." Walker v. City of New York, 974
> F.2d 293, 297–98 (2d Cir. 1992) (internal citations
> omitted). Fourth, the plaintiff must show that the
> alleged failure to train or supervise caused the
> plaintiff's injury. Id. at 298.

Inkel v. Conn. Dep't of Child. & Fams., 421 F. Supp. 2d 513, 523
(D. Conn. 2006).

Plaintiff's claim for failure to supervise is based
entirely on the supervisory defendants' failure to discipline
defendants Harmon and Tyillian for their alleged actions in
connection with the June 3, 2021, incident. Plaintiff alleges
that "Defendants Barone, Roy, Ogando, Bosque, Anaelakopoulos
reviewed the camer footage of the Plaintiff being sprayed with
Chemical Agent as well as Punched repetitively while handcuffed
excessively by defendant Harmon. The above supervisory defendant
further saw Defendant Tyillian kneeling on the Plaintiff's neck"
in violation of Administrative Directive 2.6. Doc. #16 at 11
(sic). Plaintiff asserts that the supervisory defendants "failed
to enforce Administrative Directives 2.6 [and] 2.17[]" by
failing to take any action against defendants Harmon and
Tyillian. Id.

Plaintiff has "not alleged facts from which it could be
inferred that any failure of training or supervision on the part

of these defendants <u>caused</u> plaintiffs' alleged injuries." <u>Inkel</u>, 421 F. Supp. 2d at 524. Rather, plaintiff asserts that the supervisory defendants should be held liable for failing to discipline defendants Harmon and Tyillian <u>after</u> plaintiff was injured.

Plaintiff further asserts that the supervisory defendants "failed to train Defendants Harmon, Tyillian, Dipini, Griffin, Mills, Gifford as well as officer Putnam in regards to how to properly respond to a code or signaled event in an incarcerated setting." Doc. #16 at 11 (sic). However, plaintiff provides no support for this allegation. Dismissal is appropriate "where a complaint merely asserts bare conclusory statements that a defendant supervisor failed to supervise or train[.]" <u>Tricoles v. Bumpus</u>, No. 05CV03728(JFB)(JO), 2006 WL 767897, at *4 (E.D.N.Y. Mar. 23, 2006). Plaintiff's conclusory statement that the supervisory defendants "failed to train" certain other defendants does not plead facts sufficient to state a claim for failure to train.

Accordingly, plaintiff's supervisory liability claims against defendants Barone, Roy, Ogando, Bosque, and Anaelakopoulos are **DISMISSED, without prejudice.**

### D.   **Official Capacity Claims**

"Plaintiff asserts his claims against all defendants in both individual and official capacities." Doc. #16 at 2. Any claims for money damages against the defendants, who are state employees, in their official capacities, are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). "Section 1983 does not abrogate state sovereign immunity. Nor has [plaintiff] alleged any facts suggesting that the state has waived immunity in this case." Kerr v. Cook, No. 3:21CV00093(KAD), 2021 WL 765023, at *5 (D. Conn. Feb. 26, 2021) (citation omitted). Accordingly, all claims against defendants in their official capacities for monetary damages are **DISMISSED, with prejudice.**

However, if plaintiff "alleges an ongoing constitutional violation and seeks injunctive relief, [he] may proceed against Defendants in their official capacities." Smith v. Perez, No. 3:19CV01758(VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (emphasis added). Plaintiff asks the Court to "[i]ssue an Injunction mandating the defendants to instantly send the Plaintiff to a Hospital to have his head, back, neck and most important his leg injury treated." Doc. #16 at 15 (sic). Thus, plaintiff's request for injunctive relief is related only to Count Two of his Amended Complaint: deliberate indifference to

serious medical needs in violation of the Eighth Amendment. The Court has permitted plaintiff's claims of deliberate indifference to serious medical needs to proceed against defendants Barone, Ogando, Roy, Campbell-Hooks, Clement, and Mogar based on the allegations that they were deliberately indifferent to plaintiff's "actively bleeding" lacerations. See supra Section II.B.1. However, plaintiff does not suggest that his "active bleeding" is ongoing. Accordingly, plaintiff's claims against defendants in their official capacities for injunctive relief are **DISMISSED, without prejudice.**

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court enters the following orders:

- The case may proceed to service of process on the Count One claims for Excessive Force in Violation of the Eighth Amendment, and state law Assault and Battery, against defendants **Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, Griffin, and Makula,** in their individual capacities, for damages.

- The case may proceed to service of process on the Count Two claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against defendants **Barone, Ogando, Roy, Campbell-Hooks, Clement,**

**and Mogar,** in their individual capacities for damages.

- The Count Two claim for negligence is **DISMISSED, with prejudice.**

- The Count Three claim for Failure to Supervise, in its entirety, is **DISMISSED, without prejudice.**

- All claims against defendants in their official capacities for monetary damages are **DISMISSED, with prejudice.**

- All claims against defendants in their official capacities for injunctive relief are **DISMISSED, without prejudice.**

**Plaintiff may respond to this Order in one of two ways:**

**OPTION 1:** Plaintiff may proceed **immediately** to service on defendants **Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, Griffin, Makula, Barone, Ogando, Roy, Campbell-Hooks, Clement, and Mogar,** in their individual capacities, for damages. If plaintiff selects this option, he shall file a Notice on the docket on or before **May 26, 2022,** informing the Court that he elects to proceed with service as to the sole remaining claim. The Court will then immediately begin the effort to serve process on these defendants in their individual capacities.

**Or, in the alternative:**

**OPTION 2:** Plaintiff may file a Second Amended Complaint,

correcting the deficiencies identified in this Order. Plaintiff is advised that any Second Amended Complaint will <u>completely</u> replace the prior complaints in this action. No portion of the original Complaint (Doc. #1) or Amended Complaint (Doc. #16) will be incorporated into the Second Amended Complaint by reference, or considered by the Court. Plaintiff must identify all defendants against whom he asserts his claims in the **<u>caption</u>** of the Second Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in his or her official or individual capacity or both. He must also specifically describe the factual allegations against any defendant in the body of the Second Amended Complaint. The Second Amended Complaint may not assert any claim that has already been dismissed **with prejudice.**

Any such Second Amended Complaint must be filed by **May 26, 2022.** Plaintiff is cautioned that any Second Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The Amended Complaint (Doc. #16) will not be served on any defendant and will have no effect if a Second Amended Complaint is filed.**

If a Second Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. If the

Second Amended Complaint asserts claims that the Court has already explained are not cognizable, such claims will be summarily dismissed. The Court will not grant further leave to amend if the Second Amended Complaint fails to state a cognizable claim.

**The Clerk shall** send a courtesy copy of the Amended Complaint (Doc. #16) and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

A detailed case management and scheduling order will be entered after counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12.** Defendants are encouraged to carefully evaluate the claims that have been permitted to proceed to service, and respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than

one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or attorney for defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so ordered, this 26th day of April, 2022, at New Haven, Connecticut.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
