**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NOLAN EVAN,<br>    *Plaintiff*, | ) ) ) | |
| v. | ) ) | CASE NO. 3:22-cv-74 (OAW) |
| DEPARTMENT OF CORRECTION, et al.,<br>    *Defendants*. | ) ) ) ) ) | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Nolan Evans, brought this action asserting various claims relating to his incarceration.  Following initial review of Plaintiff's amended complaint, the claims that remain are 1) Eighth Amendment claims for use of excessive force and state law claims for assault and battery against Defendants Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, Griffin, and Makula in their individual capacities for damages and 2) Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Barone, Ogando, Roy, Campbell-Hooks, and Mogar in their individual capacities, for damages.  *See* Initial Review Order, ECF. No. 17; Order, ECF. No. 29. Pursuant to the court's Scheduling and Case Management Order, *see* ECF. No. 41, Defendants have filed a preliminary motion for summary judgment on the issue of exhaustion of administrative remedies only.  For the following reasons, the Motion for Summary Judgment is **GRANTED.**

**I.   STANDARD OF REVIEW**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The substantive law in question determines which facts are material.  *See Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense . . . ."  *Giordano v. Mkt. Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).  In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If this burden is met, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  They cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015)

(citation omitted).  To defeat a motion for summary judgment, the non-moving party must present such evidence as would allow a jury to find in its favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented party's papers "liberally to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (citation and internal quotations omitted), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).


## II.  <u>FACTS</u>

The facts are taken from the parties' Local Rule 56(a) Statements and exhibits. As the only issue before the court is the exhaustion of administrative remedies, the facts underlying this action are summarized briefly.

During the incidents underlying this case, Plaintiff was confined in the Walker Building of MacDougall-Walker Correctional Institution.  On June 3, 2021, Plaintiff allegedly was assaulted by Defendants Harmon and Tyillian, following which, he was struck and sprayed with a chemical agent by other Defendants.  *See* Am. Compl. 3–5, ECF. No. 16. Plaintiff lost consciousness as a result.  *Id.* at 3.  Subsequently, he was not provided medical treatment for his injuries.  *Id.* at 7–8.

Thereafter, Plaintiff filed custody grievances regarding the use of excessive force. Defs.' Local Rule 56(a) Statement, ECF No. 47-2, ¶ 4.  However, there is no record of any medical grievance filed regarding treatment for injuries related thereto.  *Id.* ¶ 5.

3

### III.  **DISCUSSION**

Defendants argue that Plaintiff failed to timely exhaust his administrative remedies on his claim for deliberate indifference to a serious medical need.  The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhausting administrative remedies permits prison officials to address complaints before being subjected to suit and reduces litigation if the complaint can be resolved satisfactorily within the administrative process.  *See Jones v. Bock*, 549 U.S. 199, 219 (2007).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the type of relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has ruled that the PLRA requires "proper exhaustion" of administrative remedies, and that this requirement is not met when a plaintiff fails to file a grievance in accordance with deadlines established by the grievance policy.  *Jones*, 549 U.S. at 217–18 (citing *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006)).  Special circumstances will not relieve an inmate of their exhaustion obligation.  Exhaustion only is excused if the administrative grievance process is unavailable.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016).

Exhaustion of administrative remedies is an affirmative defense. *See Jones*, 549 U.S. at 216. Thus, the defendants bear the burden of proof. Once the defendants establish that administrative remedies were not exhausted before the inmate commenced that action, the plaintiff must then show that the administrative remedy procedures were not available to them under the *Ross* standard. *See Wine v. Drolet*, No. 3:18-cv-704(VAB), 2023 WL 2072507, at *6 (D. Conn. Feb. 17, 2023) (citing Smith v. Kelly, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013)) ("Once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability"). An administrative remedy is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the "scheme [is] so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Corr. Off. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (citation omitted).

The Supreme Court has held that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Further, the Second Circuit has made clear that informal resolutions or complaints do not satisfy the PLRA procedural exhaustion requirements. *See Macias  v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (regardless whether informal complaints notified prison officials of inmate's grievance "in a substantive sense," inmate must still "procedurally" comply with

5

administrative requirements for exhaustion); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (agreeing with the district court that plaintiff did not properly exhaust administrative remedies because informal letters plaintiff sent to Connecticut Department of Correction officials did not conform to established administrative remedy procedures).

Exhaustion regarding medical needs is governed by Department of Correction Administrative Directive 8.9 ("Directive 8.9").  *See* Dep't of Corrs., Administrative Directive 8.9, Ct.gov (last visited Oct. 3, 2023), https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0809pdf.pdf [https://perma.cc/CW94-C9KK].[1]  There are two types of health services administrative remedies.  One is the diagnosis and treatment remedy, which seeks "review of diagnosis or treatment decision made by a physician, psychiatrist, psychologist, advanced practice registered nurse (APRN), physician assistant (PA), physician assistant-certified (PA-C), or dentist . . . ."  *Id.* § 6(a)(i).  The other is the administrative issue remedy, which seeks "review of a practice, procedure, administrative provision or policy, or an allegation of improper conduct by a health services provider."  *Id.* § 6(a)(ii).

The relevant procedures are as follows.  Upon receipt, the administrative remedy is reviewed for compliance with the provisions in Directive 8.9.  If the request is not in compliance, it is rejected.  *See id.* § 6(b)(i).  Before filing a Health Services Administrative Remedy, the inmate first must attempt informal resolution, *see id.* § 6(b)(ii)(1), either verbally with the appropriate staff member, *see id.* § 6(b)(ii)(2), or, if that does not resolve the issue, by filing a written request on form CN 9601 with the appropriate staff member,

---

[1] Defendants attach to their motion the version of Directive 8.9 that was in effect before the current version. *See* ECF. No. 47-4.  As the incident giving rise to Plaintiff's claim occurred in June 2021, the current version of Directive 8.9 (effective April 30, 2021) is the operative version, and thus the court cites it in this ruling.

*see id.* §§ 6(b)(ii)(3), 6(b)(ii)(4).  Within fifteen (15) business days after receipt of a written request, the inmate will be provided with a response.  *See id.* § 6(b)(ii)(7).  If the inmate is not satisfied with the response to the written request, he may file a Health Services Administrative Remedy request, *see id.* § 6(b)(iii)(1), within thirty (30) calendar days of the occurrence or discovery of the cause or reason for such request.  *See id.* § 6(b)(iii)(4).

Upon receipt of a diagnosis and treatment remedy, the Health Services Administrative Remedy Coordinator ("HSARC") consults the provider who decided what action (if any) to take.  *See id.* § 6(c)(i)(2)(a).  If the provider decides that the existing diagnosis or treatment is appropriate, the remedy is denied and may not be appealed. *See id.*  If the provider decides that further evaluation is needed, she may schedule a health services review appointment.  *See id.* § 6(c)(i)(2)(b).

The Level 1 decision on an administrative issue remedy request is made by the HSARC in consultation with appropriate health care supervisors.  *See id.* § 6(c)(ii)(1). First, the request is reviewed for compliance with the provisions of Directive 8.9.  *See id.* § 6(c)(ii)(2).  If it is in compliance, it will be processed.  If it is not in compliance, it will be rejected and, if correction is possible, the inmate will be afforded five (5) days to correct the defect and resubmit the request.  *See* id. § 6(c)(ii)(2)(a)(i).

Defendants have submitted evidence that Plaintiff did not file for a Health Services Administrative Remedy following the June 3, 2021, incident.  Thus, the burden falls to Plaintiff to demonstrate exhaustion or unavailability.  Plaintiff argues that administrative remedies were unavailable to him, citing to occasions where some Defendants allegedly told Plaintiff that they would not respond to his inmate requests in writing.  Even if true,

this would not constitute unavailability.  The directive clearly provides that, if the inmate does not receive a response to his request, "the inmate shall include an explanation indicating why the CN 9601, Inmate Request Form, is not attached."  *Id.* § 6(b)(iii)(2)(a). Thus, if Plaintiff had filed a health services administrative remedy request, it could have proceeded even if he never had received a written response thereto.

In his Opposition to the summary judgment motion, Plaintiff submits no evidence showing that he filed a Health Services Administrative Remedy request concerning his injuries suffered on June 3, 2021, so he has failed to exhaust his administrative remedies. Therefore, Defendants' motion is granted.  Accordingly, the case will proceed only on the claims for use of excessive force and assault and battery.


## IV. <u>CONCLUSION</u>

For the reasons discussed herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment hereby is granted**.**  The case will proceed only on Plaintiff's Eighth Amendment claims for use of excessive force and state law claims for assault and battery against Defendants Tyillian, Harmon, Gifford, Dipini, Putnam, Mills, Bosque, Griffin, and Makula in their individual capacities for damages.

2. The stay on discovery is now lifted.  *See* Scheduling and Case Management Order, ECF No. 41 at 5 (ordering that discovery would be stayed if Defendants filed a preliminary motion for summary judgment on exhaustion grounds).  Any additional discovery in this case shall be completed within sixty (60) days from the date of

this order.  Any motions for summary judgment on the merits of the remaining claims shall be filed within ninety (90) days from the date of this order.

**IT IS SO ORDERED** in Hartford, Connecticut, this 4th day of October, 2023.

/s/

Omar A. Williams
United States District Judge