# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NOLAN EVANS,            )
     *Plaintiff*,          )
                     )
     v.                  )    Case No.: 3:22-cv-74 (OAW)
                     )
DEPARTMENT OF CORRECTIONS,    )
et al.,                 )
     *Defendants*.      )
                     )

## <u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, Nolan Evans, is a sentenced inmate at Corrigan-Radgowski Correctional Center ("Corrigan") in the custody of the Connecticut Department of Correction ("DOC"). He is suing Officer Tyillian, Lieutenant Harmon, Officer Gifford, Officer Dipini, Officer Putnam, Officer Chelsea Mills, Lieutenant Christian Bosque, Officer Griffin, and Officer Makula. *See* Initial Review Order of Am. Compl., ECF No. 17 (hereinafter "IRO"). Plaintiff alleges that Defendants violated state and federal law during an altercation with Plaintiff while he was housed at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). *Id.* The court has reviewed Plaintiff's motion for summary judgment and related exhibits, ECF No. 81,[1] Defendants' opposition thereto, ECF No. 83, Plaintiff's self-styled 'Statement of Undisputed Facts,'[2] ECF No. 81 at 5–7 ("Pl.'s SOF"), Defendant's response thereto,[3] ECF No. 83-2 ("Defs.'s SOF"), and the record in this matter, and is thoroughly advised in the premises. For the following reasons, the Motion for Summary Judgment is **DENIED**.

---

[1] The page numbers cited in this ruling refer to the page numbers assigned by CM/ECF (the court's electronic case filing system) and not to the page numbers of the original documents.
[2] The court interprets this document to be Plaintiff's Local Rule 56(a)1 Statement of Undisputed Material Facts. D. Conn. Local R. 56(a)(1).
[3] The court interprets this to be Defendants' Rule 56(a)(2) Statement. D. Conn. Local R. 56(a)(2).

I.    **PROCEDURAL BACKGROUND**

On January 14, 2022, Plaintiff filed a complaint due to an incident that took place while he was incarcerated at MacDougall-Walker.  Compl., ECF No. 1.  He brought claims against 15 defendants under 42 U.S.C. § 1983 for "excessive force" and "deliberate indifference to his serious medical needs" in violation of the Eighth Amendment.  *Id.* at 3. He also brought state law claims negligence, assault and battery, and intentional infliction of emotional distress.  *See id.*  On February 10, 2022, the court issued an Initial Review Order permitting Plaintiff's claims for excessive force in violation of the Eighth Amendment and state law assault and battery to proceed "against defendants Tyillian, Harmon, Bosque, Gifford, Griffin, Putnam, Dipini, and Mills, in their individual capacities, for damages."  Initial Review Order of Compl. 17, ECF No. 10 (emphasis removed).

On March 7, 2022, Plaintiff filed an Amended complaint in which he added Officer Makula as a defendant.  Am. Compl., ECF No. 16; ECF No. 11.  The court issued a second IRO that allowed Plaintiff's claims for excessive force, deliberate indifference, and state law assault and battery to proceed and dismissedthe negligence and failure to supervise claims.  IRO at 17–18.

Defendants moved for summary judgment on Plaintiff's deliberate indifference claims, arguing that he failed to timely exhaust his administrative remedies.  ECF No. 47-3 at 1.  The court granted Defendants' motion, leaving Plaintiff to proceed only on his Eighth Amendment claim for use of excessive force and his state law claims for assault and battery.  ECF No. 56 at 8.

On December 20, 2024, Plaintiff moved for summary judgment[4] on his (1) Eighth Amendment claim for use of excessive force and (2) state law claims for assault and battery, which the court now considers.  ECF No. 81.

## II.  **FACTS**

The following factual background is taken from the complaint,[5] Plaintiff's statement of fact filed pursuant to Local Rule 56(a)1, and Defendants' response thereto filed pursuant to Local Rule 56(a)2.

On June 3, 2021, Plaintiff was an inmate at MacDougall-Walker, where Defendants were correctional officers.  Pl.'s SOF ¶¶ 1-4; Defs.'s SOF ¶¶ 1-4.  That day, there was an altercation between Plaintiff and several correctional officers, which led to Plaintiff being restrained and sprayed with a chemical agent.  Am. Compl. at 4.

Plaintiff claims, and Defendants dispute, that the incident arose after Plaintiff was "refused his anti-seizure medications," and while he was "experiencing preliminary indicators of an oncoming altered mind state/possible seizure."  Am. Compl. at 3. Defendants maintain that the incident began when Plaintiff "started punching a correctional officer."  Defs.'s SOF ¶ 7.  They refer to one of Plaintiff's exhibits, a State of Connecticut Public Safety Investigation Report, which includes Defendant Harmon's

---

[4] The parties' motions for summary judgment were due on December 6, 2024.  ECF No. 76.  Plaintiff's motion was filed on December 20, 2024, however he filed a motion for extension of time on December 6th. ECF No. 80.  The court grants the motion for extension of time *nunc pro tunc* and thus considers Plaintiff's motion for summary judgment on the merits.

[5] The court may consider Plaintiff's complaint to determine whether material facts exist because a "verified complaint is to be treated as an affidavit for summary judgment purposes."  *Jordan v. LaFrance*, No. 3:18-cv-01541 (MPS), 2019 WL 5064692, at *3 (D. Conn. Oct. 9, 2019) (quoting *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

account stating that at the onset of the incident, "Evans punched me in the right side of my face."  ECF No. 81 at 32.

Plaintiff claims, and Defendants dispute, that at the outset of the altercation, he was "punched with a closed fist by" Defendant Harmon, which Defendant Tyillian witnessed.  Am. Compl. at 3–4.  He also claims Defendant Tyillian subsequently called a code "orange," "to assist in covering [D]efendant Harmon's misdeeds" and then "began to punch" Plaintiff repeatedly.  *Id.* at 4.

Plaintiff claims that though he was fully restrained, the remaining defendants "proceeded to assault" him and "permitted" Defendant Harmon to use a chemical agent on him even though he was "not resisting."  *Id.* at 4–5.  He alleges that while he was fully restrained, Defendant Tyillian "kneeled" on his neck, "crushing his face."  *Id.* at 5.  He claims that after being sprayed with a chemical agent, he began to have "difficulty breathing" and "foam" came out of his mouth.  *Id.*  When he told the officers he could not breathe, Defendant Makula "placed a bag" over his head and he "passed out instantly."  *Id.*  Defendants dispute these facts.  ECF No. 42 at 1–2.

Plaintiff claims that defendants' use of force was unwarranted.  Pl.'s SOF ¶ 8. Defendants dispute this and maintain that the use of force employed "was, at all times, in good faith and for the purpose of maintaining order."  Defs.'s SOF ¶ 8.

Plaintiff lost consciousness and suffered "abrasions, contusions, and lacerations, to his head and face.  Pl.'s SOF ¶ 5; Defs.'s SOF ¶ 5.  He was immediately hospitalized following the altercation.  Pl.'s SOF ¶ 6; Defs.'s SOF ¶ 6.  Defendants admit these facts but dispute that they support Plaintiff's motion for summary judgment.  Defs.'s SOF ¶¶ 5, 6.  While hospitalized, Plaintiff was intubated.  ECF No. 81 at 27.

III.    **LEGAL STANDARD**

Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017).

The moving party "bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact." *Jordan v. LaFrance*, No. 3:18-CV-1541 (MPS), 2019 WL 5064692, at *1 (D. Conn. Oct. 9, 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (citations omitted). "The court must disregard all evidence favorable to the moving party that the jury is not required to believe." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Id.* (citing Fed. R. Civ. P. 56(e) Advisory Committee Note (1963)).

Finally, the court is required to read a self-represented party's papers "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal citation and quotations omitted).

IV.    **DISCUSSION**

    A. **Excessive Force Claim**

Plaintiff argues he is entitled to judgment as a matter of law on his Eighth Amendment excessive force claim against Officer Tyillian, Lieutenant Harmon, Officer Gifford, Officer Dipini, Officer Putnam, Officer Mills, Lieutenant Bosque, Officer Griffin, and Officer Makula.  ECF No. 81 at 13–14.

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  It therefore protects prisoners from being subjected to excessive force by prison employees.  *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009).  "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect."  *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 7–8 (1992)).

The objective component of this analysis is contextual, focusing on the harm done "in light of contemporary standards of decency."  *Id.* (internal citation and quotation marks omitted).  The court must ask whether the alleged wrongdoing was objectively "harmful enough to establish a constitutional violation."  *Hudson*, 503 U.S. at 8 (internal citation and quotation marks omitted).  In the context of excessive force claims, if prison officials "maliciously and sadistically use force to cause harm," then contemporary standards of decency are always violated, regardless of whether a there is a significant injury.  *Id.* at 9.

The subjective component of this analysis requires a showing that the defendants "had the necessary level of culpability, shown by actions characterized by 'wantonness.'" *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (citing *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991)). In excessive force cases, the "'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 262 (quoting *Hudson*, 503 U.S. at 7). Indeed, excessive force is not limited to circumstances where malice is present. *Id.* at 263. It encompasses situations where force is "not applied in a 'good-faith effort to maintain or restore discipline.'" *Id.* at 263 (quoting *Hudson*, 503 U.S. at 7).

Here, Plaintiff is not entitled to summary judgment on his Eighth Amendment excessive use of force claim. There is a genuine issue of material fact about whether, after Plaintiff was restrained, Defendants used force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. The parties' accounts of events diametrically opposed: Plaintiff alleges that he was "restrained during [the] assault," and defendants' use of force while he was restrained was unwarranted. Pl.'s SOF ¶ 8. Defendants maintain that the use of force employed was "at all times, in good faith and for the purpose of maintaining order." Defs.'s SOF ¶ 8. As such, it is clear that there is a genuine dispute as to certain critical material facts.

Despite his arguments, Plaintiff's pleadings and exhibits do not resolve this issue. In support of his argument that the use of force was "excessive," ECF No. 81 at 15, Plaintiff refers to the DOC Use of Force Report filled out by Defendant Mills, which classified Plaintiff's behavior as "Assaultive (**non-deadly**)." *Id.* at 43 (emphasis added). He contrasts this with the DOC Use of Force Reports filled out by Defendant Harmon

7

and Defendant Tyillian, which classified his behavior as "Actions that may result in death **or serious bodily injury.**" *Id.* at 37, 38 (emphasis added). Plaintiff claims that this is a discrepancy which "establishes defendants['] response as excessive." *Id.* at 15. The court disagrees. In the first instance, an assault can be both "non-deadly" and also likely to result in serious physical injury. Accordingly, the two descriptions of Plaintiff's behavior are not inconsistent. Further, they too support a finding that there is a genuine issue of material fact pertaining to whether the defendants had the "necessary level of culpability." *Blyden*, 186 F.3d at 262.

Plaintiff also argues that "evidence also shows [he] was immediately and already 'secured to a fixed surface' (restrained on the ground), with multiple prison officials on him (restraining him), while other prison officials 'assisted in restraining him' (assaulted, retaliated further)." ECF No. 81 at 16. He does not cite to a specific part of the record to support this assertion, and upon review, the court finds that this claim is unsupported insofar as it alleges assault and retaliation. This appears to be Plaintiff's own interpretation of the events discussed in the DOC reports.

Plaintiff's pleadings and exhibits do not resolve whether the subjective component of the Eighth Amendment excessive force framework is met.[6] *Griffin v. Crippen*, 193 F.3d 89, 91–92 (2d Cir. 1999) (finding "genuine issues of material fact concerning what transpired after appellant was handcuffed and whether the guards maliciously used force against him."). Because there are material facts in dispute, Plaintiff is not entitled to summary judgment on this count.

---

[6] The court does not reach the merits of whether the objective component of the analysis is satisfied.

8

### B. <u>Assault and Battery Claims</u>

Plaintiff argues that he is entitled to judgment as a matter of law on state law assault and battery claims against Officer Tyillian, Lieutenant Harmon, Officer Gifford, Officer Dipini, Officer Putnam, Officer Mills, Lieutenant Bosque, Officer Griffin, and Officer Makula.  ECF No. 81 at 13, 17–18.

To prevail on a claim for assault and battery, Plaintiff must "prove that defendants applied force or violence to [him] and that the application of force or violence was unlawful."  *Williams v. Lopes*, 64 F. Supp. 2d 37, 47 (D. Conn. 1999).  "Except for § 1983's requirement that the tort be committed under color of state law, the essential elements of excessive force and state law assault and battery claims are substantially identical."  *El-Massri v. Marmora*, No. 3:18-CV-1249 (CSH), 2022 WL 6170681, at *14 (D. Conn. Oct. 7, 2022) (brackets omitted, quoting *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009) (summary order)).  Accordingly, to succeed on his assault and battery claim, Plaintiff "must prove the elements of his § 1983 excessive force claim." *Id.* (internal quotation marks omitted).

The court has found that a genuine issue of material fact exists as to Plaintiff's excessive force claim.  Consequently, the court cannot grant summary judgment on Plaintiff's assault and battery claims.  *See id.* (finding that because "genuine issues of material fact exist as to" a pretrial detainee's claim of excessive force, "it necessarily follows that there remain questions as to the reasonableness of defendants' use of physical force and OC spray pursuant to state law."); *see Betancourt v. Slavin*, 676 F. Supp. 2d 71, 80 (D. Conn. 2009) (finding that because "a genuine issue of material fact exists as to plaintiff's claim of excessive force" against law enforcement officers, "it

necessarily follows that questions arise as to the reasonableness of defendants' use of physical force pursuant to state law.").

Accordingly, Plaintiff is not entitled to summary judgment on his state law assault and battery claims.


**V.**    **CONCLUSION**

For the reasons discussed herein, it is **ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 81, is **DENIED.**

2.  Plaintiff's Motion for Extension of Time, ECF No. 80, is **GRANTED** *nunc pro tunc.*

3.  Plaintiff's Motion for Settlement Conference is **GRANTED.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 14th day of August, 2025.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE